UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 1-16-01249-HWV |
| DEAN M. CARTER | : | |
| d/b/a DR. ROOF ROOFING COMPANY | : | CHAPTER 13 |
| d/b/a B-LARGE SOUND EFFECTS, | : | |
| | : | |
|    Debtor | : | 1521 N. 5th Street, Harrisburg, PA |
| | : | 1523 N. 5th Street, Harrisburg, PA |
| DEAN M. CARTER | : | 1525/1527 N. 5th Street, Harrisburg, PA |
| d/b/a DR. ROOF ROOFING COMPANY | : | 1522 N. 6th Street, Harrisburg, PA |
| d/b/a B-LARGE SOUND EFFECTS, | : | 1524 N. 6th Street, Harrisburg, PA |
| | : | 1526 N. 6th Street, Harrisburg, PA |
| | : | |
|    Movants | : | Parcel Nos. 12-017-055, 12-017-054, |
| | : | 12-017-053, 12-017-041, 12-017-043 |
|    v. | : | & 12-017-044 |
| | : | |
| U.S. BANK, N.A. c/o SELECT | : | |
| PORTFOLIO SERVICING, INC., U.S. | : | |
| BANK TRUST, N.A. c/o SN SERVICING | : | |
| CORP., WELLS FARGO BANK, N.A. c/o | : | |
| OCWEN LOAN SERVICING, LLC, | : | |
| DAUPHIN COUNTY TAX CLAIM | : | |
| BUREAU, CITY OF HARRISBURG, | : | |
| CAPITAL REGION WATER, | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| REVENUE, NAUTILUS INSURANCE | : | |
| GROUP, SHOMARI SAEED, and | : | |
| JACK N. ZAHAROPOULOS, STANDING | : | |
| CHAPTER 13 TRUSTEE, | : | |
| | : | |
|    Respondents | : | |

**ORDER APPROVING SALE OF REAL PROPERTY
PURSUANT TO 11 U.S.C. §363(b)
AND APPROVING DISTRIBUTION OF PROCEEDS**

    The Motion of the Debtor, Dean M. Carter, to Approve the Sale of Real Property Pursuant to 11 U.S.C. §363(b) and Approve Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtor and his estate, and that such sale is made in good

faith, and that the consideration offered is fair and reasonable; it is

**HEREBY ORDERED** that:

1.      Dean M. Carter ("Debtor") is authorized to sell the Real Property located at and known as 1521 N. 5th Street, Harrisburg, PA, 1523 N., 5th Street, Harrisburg, PA, 1525/1527 N. 5th Street, Harrisburg, PA, 1522 N. 6th Street, Harrisburg, PA, 1524 N. 6th Street, Harrisburg, PA, 1526 N. 6th Street, Harrisburg, PA, Dauphin County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement and Addendums between the Debtor as Seller, and Vice Capital, LLC, assignee of RB Development, LLC, as Buyer, (the "Agreement"), and as set forth in the Motion.   Such sale shall be to Buyer for the total consideration of $500,000.00.

2.      All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order.   The secured liens against the Real Property are a mortgage lien on 1522 N. 6th in favor of U.S. Bank Trust, N.A., c/o SN Servicing Corp. securing a debt in the amount of $65,211.63 at the time of the bankruptcy filing in accordance with a duly filed Proof of Claim transferred September 15, 2021; a mortgage lien on 1524 N. 6th in favor of Wells Fargo Bank, N.A., c/o Ocwen Loan Servicing, LLC securing a debt in the current amount of approximately $69,500.00; a mortgage lien on 1526 N. 6th in favor of U.S. Bank, N.A. c/o Select Portfolio Servicing, Inc. securing a debt in the current amount of approximately $105,655.00 (this lien may have been erroneously released against the property, but not against the Debtor, so will be paid at settlement instead of litigating the matter); a tax lien in favor of the Pennsylvania Department of Revenue securing a debt in the current amount of approximately $129.93; municipal liens in favor of the City of Harrisburg, for itself and as management agent for the Harrisburg Authority, securing a debt in the current amount of approximately $12,000.00. The Real Property had previously been subject to judgment liens by Nautilus Insurance Group and Shomari Saeed, but those liens have been avoided by previous Orders of this Court.

3       The distribution of the funds generated by the sale of the Real Properties shall be as follows:

   i     Any notary or incidental recording fees required to be paid by the Debtor as Seller;

   ii    Any costs associated with the preparation of the deed or normal services with respect to closing;

   iii.  Attorney fees to Mette, Evans & Woodside in the amount of $9,000.00 for services in connection with this transaction as it relates to this Chapter 13 case.   All fees and expenses payable to Mette, Evans & Woodside, P.C. shall be subject to such approval as the Bankruptcy Court may require;

2

iv. Realty transfer tax, if any, required to be paid by Debtor, as Seller;

v. Any present and past due real estate taxes owed on the Real Property, prorated to the date of sale;

vi. Any present and past due municipal service charges owed on the Real Property, including Municipal Liens, prorated to the date of sale;

vii. Real Estate Commission to Iron Valley Real Estate of Central PA in the amount of six percent (6%) of the total sales consideration plus a $495.00 broker fee;

viii. Payment to U.S. Bank Trust, N.A., c/o SN Servicing Corp. in an amount sufficient to pay off the loan secured by the mortgage on the real property at 1522 N. 6th in full;

ix. Payment to Wells Fargo Bank, N.A., c/o Ocwen Loan Servicing, LLC on account of the 1524 N. 6th Mortgage in an amount sufficient to pay off the loan secured by the mortgage in full;

x. Payment to U.S. Bank, N.A. c/o Select Portfolio Servicing, Inc. on account of the 1526 N. 6th Mortgage in an amount sufficient to pay off the loan secured by the mortgage in full;

xi. Payment to the Pennsylvania Department of Revenue on account of the Revenue Tax Lien;

xii. There will be no payment towards the Judgments of Nautilus Insurance Group and Shomari Saeed, which were already avoided by separate Bankruptcy Court Order;

xiii. Payment to the Debtor of net proceeds up to the full amount of his claimed exemption, as allowed under 11 U.S.C. §522(d)(5), or $12,725.00; and

xiv. Thereafter, payment to the Chapter 13 Trustee of the remaining balance of the net proceeds to pay any remaining claims through the Chapter 13 Plan.

4. The sale is to a good faith purchaser and for fair market value within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

5. The Debtor is empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr. P Rule 6004(h) is not applicable, and the Real Property may be sold

and purchased promptly.

      7.    Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary, to be recorded in the Office of the Recorder of Deeds of Dauphin County, Pennsylvania.

Dated: October 6, 2021        By the Court,

*[signature]*

Henry W. Van Eck, Chief Bankruptcy Judge (CD)